VINCENT WALKS, alias RICHARD BARNEY, v. STATE.

167 So. 523.

Opinion Filed April 11, 1936.

Roger Edward Davis, for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the plaintiff in error in the Criminal Court of Record of Dade County, Florida, on both counts of an information, the first count of which charged the defendant with the offense of unlawfully and feloniously breaking and entering the dwelling house of Mr. and Mrs.

E. A. Morrison with intent to commit grand larceny; and the second count charged the defendant with the offense of assault and battery.

The defendant entered a plea of not guilty without making any attack on the indictment.

It is contended that reversible error was committed by the court declining to allow the defendant in the court below to propound to the jurors upon *voir dire* examination the following question:

"If the court should charge you that the defendant is presumed under the law of this State to be innocent until such time as the State shall have, by competent evidence, proven his guilt beyond a reasonable doubt, and after you have heard all of the evidence in this case, the argument of counsel and the charge of the court, and after you have retired to the jury room, and have given full and free consideration to this case, if any one of you are convinced that the State has failed to prove the guilt of the defendant beyond a reasonable doubt, are you willing to abide by such opinion, regardless of the fact that every other member of the jury might disagree with you?"

There was no error in the action of the trial judge in refusing to allow the defendant to propound this question to proposed jurors. It is the duty of each juror, although he may go into the jury room for a consideration of the evidence and to arrive at a verdict with a firm conviction that the defendant is not guilty, to fully and freely discuss the evidence with his fellow jurors and if, after such discussion of the evidence which has been introduced upon the trial with his fellow jurors, he becomes convinced beyond a reasonable doubt that the defendant is guilty, to yield what he conceives to be his original opinion and join his fellow jurors who are likewise convinced of the guilt of defendant in a

verdict of conviction. The infirmity of the question pro-
posed to be propounded to the jurors is that it conveys the
idea that it is the duty of each juror to abide by such opinion
as he might have when he goes into the jury room, regard-
less of what conviction he might reach upon a full discus-
sion of the evidence with other members of the jury.

It is next contended that the identification of the defend-
ant was not sufficient to warrant a conviction. This was
primarily a jury question. The identification was positive
and unequivocal and, therefore, the jury was warranted in
deeming it sufficient.

The next two contentions are that the evidence was in-
sufficient to warrant a conviction. The record discloses
ample legal evidence to sustain the verdict and judgment.

The next and last contention made is that because the
information charged the offense to have been committed by
breaking and entering a dwelling located at or near "The
Miami Memorial Park Cemetery, City of Miami, Dade
County, Florida," and the evidence failed to show that the
building broken into was within the City of Miami, there
was a fatal variance between the allegation and proof.

The information charges the offense to have been com-
mitted in the County of Dade and State of Florida. The
allegation that the building was at or near Miami Memorial
Park Cemetery, City of Miami, was merely description of
the location of the building and if the defendant was not
satisfied with the description of the building as made in
the indictment, his remedy was to move to quash or move
for bill of particulars to clear up any uncertainty as to the
location of the building. Neither motion was made.

The State proved conclusively that the offense was com-
mitted in Dade County, Florida, and in a house near Miami
Memorial Park Cemetery. This proof was entirely suf-

ficient to sustain the allegation as to venue.  See Lowman v. State, 80 Fla. 18, 85 Sou. 166.

The judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.